## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR VEGA d/b/a VPR Motors OIS#EM67, | : | Civil No. 3:19-CV-00773 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF TRANSPORTATION and LESLIE S. RICHARDS, | : : : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

### MEMORANDUM

Before the court is Defendants' motion to dismiss arguing that Plaintiff

Victor Vega d/b/a VPR Motors OIS#EM67's ("Vega") claims are barred by claim

preclusion or, in the alternative, that Vega's complaint fails to state a claim upon

which relief can be granted.  (Doc. 13.)  This case arises from an order for

suspension and fines issued by Defendant Commonwealth of Pennsylvania,

Department of Transportation ("PennDOT").  Vega raises claims against

Defendants PennDOT and Leslie S. Richards ("Richards") alleging violations of

procedural and substantive due process rights, violation of the commerce clause,

and wrongful suspension in violation of public policy.  (Doc. 1.)  The court holds

that Vega's claims against PennDOT and Richards in her official capacity are

barred by the doctrine of claim preclusion, and that Vega fails to state a claim for

which relief can be granted against Richards in her individual capacity.  For the

reasons that follow, the court will grant the motion to dismiss.  (Doc. 13.)

## FACTUAL BACKGROUND

Vega owns an automotive repair shop licensed by PennDOT "as an official

motor vehicle emission inspection station" in Luzerne County, Pennsylvania.

(Doc. 1, p. 2.)[1]  On June 9, 2015, PennDOT issued an Order of Fine and

Suspension of Official Emission Inspection Station suspending the shop's license

to perform inspections for two years and imposing a $5,000 fine.  (*Id*. at 4.)  The

order was based on the findings of PennDOT quality assurance officer Marvin

Langtry ("Langtry").  (*Id*.)  Langtry conducted an audit of the shop on September

24, 2014, and found that the shop had issued four emissions inspection stickers

without recording them and had given these stickers without inspecting the

vehicles.  (*Id*. at 5.)

On January 28, 2016, Vega appealed the suspension order to the Court of

Common Pleas of Luzerne County.  (*Id*. at 4.)  The Court of Common Pleas held a

de novo hearing on October 10, 2017.  (*Id*.)  At this hearing, both Langtry and

Vega testified.  (*Id*. at 5.)  Langtry testified that the shop had issued emission

stickers without recording them with PennDOT and without actually inspecting the

vehicles in question.  (*Id*.)  Vega testified that these inspections had been done by

---

[1] For ease of reference, the court utilizes the page numbers in the CM/ECF header.

an employee while he was on sick leave and that when he returned, all of the

shop's records reflected that the inspections had been done and stickers issued

properly.  (*Id*.)  On November 21, 2017, the Court of Common Pleas denied

Vega's appeal and upheld the suspension and fines.  (*Id*. at 6.)  Vega then appealed

the Court of Common Pleas decision to the Commonwealth Court of Pennsylvania.

(*Id*.)  The Commonwealth Court upheld the Court of Common Pleas' decision on

Oct. 5, 2018.  (*Id*.)  Vega filed a petition for allowance of appeal to the

Pennsylvania Supreme Court, which was denied on April 16, 2019.  (*Id*.)

## PROCEDURAL HISTORY

On May 8, 2019, Vega filed the instant complaint under 42 U.S.C. § 1983,

alleging a violation of his procedural due process rights by suspending his license

without evidence and without the right to confront his accusers, and, then, denying

him property rights as a result (Count I).  (*Id*. at 8.)  Count II alleges Vega was

denied substantive due process rights by violating his personal immunities

"implicit in the concept of ordered liberty, and the protection of personal property

rights."  (*Id*. at 9.)  Count III alleges PennDOT's decision to issue the suspension

and fine violated the commerce clause by unduly burdening interstate commerce.

(*Id*. at 10.)  Finally, Vega alleges in Count IV that PennDOT violated public policy

in suspending Vega's license and fining him.  (*Id*. at 11.)  Defendants filed a

motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and an

accompanying brief on April 4, 2020.  (Doc. 13.)  Vega filed a brief in opposition

on April 27, 2020.  (Doc. 16.)  Having been fully briefed, the motion is now ripe

for review.

**JURISDICTION**

This court has jurisdiction under 28 U.S.C. § 1331, which allows a district

court to exercise subject matter jurisdiction in civil cases arising under the

Constitution, laws, or treaties of the United States.

**STANDARD OF REVIEW**

In order "[t]o survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the

plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting

*Twombly*, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to

survive a motion to dismiss.  *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir.

2019) (quoting *Iqbal*, 556 U.S. at 678–79).

To determine whether a complaint survives a motion to dismiss, a court

identifies "the elements a plaintiff must plead to state a claim for relief," disregards

the allegations "that are no more than conclusions and thus not entitled to the

4

assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

*Res judicata*, or claim preclusion, is an affirmative defense that can be raised in a 12(b)(6) motion. *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997); *Tyler v. O'Neill*, 52 F. Supp. 2d 471, 473–474 (E.D. Pa. 1999), *aff'd sub nom. Tyler v. O'Neil*, 225 F.3d 650 (3d Cir. 2000). *Res judicata* "will serve as grounds for a Rule 12(b)(6) dismissal *only* if the basis for the defense is evident on the face of the complaint." *Brody v. Hankin*, 145 Fed. App'x 768, 771 (3d Cir. 2005) (emphasis in original).

When reviewing a claim preclusion defense in a 12(b)(6) motion "where a plaintiff has not included the . . . substance of the prior adjudications in the body of, or attachments to, its complaint, it is axiomatic that a court must still consider the prior adjudication in order to determine whether . . . preclusion bars that plaintiff's claims." *M & M Stone Co. v. Pennsylvania*, 388 Fed. App'x 156, 162 (3d Cir. 2010). Thus, the Third Circuit has held that the court can take judicial notice of a prior judicial opinion. *Id*. However, at the motion to dismiss stage, the court can only take notice of the existence of the opinion and may not look to the prior judicial opinion for findings of fact. *Id*.

**DISCUSSION**

Defendants argue that Vega's claims are barred by claim preclusion or, in the alternative, that Vega's complaint fails to state a claim upon which relief can be granted. (Doc. 14.) Vega argues that his complaint satisfactorily states a claim upon which relief can be granted. (Doc. 16.) The court holds that Vega's claims against PennDOT and Richards in her official capacity are barred by claim preclusion. Further, Vega's claims against Richards in her individual capacity fail to state a claim upon which relief can be granted. Therefore, the motion to dismiss will be granted.

## A. Claim preclusion

The defense of claim preclusion is evident from the face of the complaint, so the court will engage in the claim preclusion analysis. The court is bound by the Full Faith and Credit Act and "must give a prior state judgment the same effect as would the adjudicating state." *Gregory v. Chehi*, 843 F.2d 111, 116 (3d Cir. 1988); 28 U.S.C. § 1738. When a preclusion defense claims that a state court judgment bars an exclusively federal claim, the court must look to the law of the state "to ascertain the effect of the judgment." *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 375 (1996) (citation omitted). Therefore, the court looks to Pennsylvania preclusion law to determine the effect of the prior state court judgment.

Under Pennsylvania claim preclusion law, "[a]ny final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action." *Balent v. City of Wilkes-Barre*, 669 A.2d 309, 313 (Pa. 1995). Moreover, claim preclusion applies to "claims which could have been litigated [but were not] during the first proceeding if they were part of the same cause of action." *Id*.

The Third Circuit has clarified Pennsylvania claim preclusion law, holding that "Pennsylvania courts require that the two actions share the following four conditions: (1) the thing sued upon or for; (2) the cause of action; (3) the persons and parties to the action; and (4) the capacity of the parties to sue or be sued." *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 548 (3d Cir. 2006).

The court takes judicial notice of the prior court proceeding at issue, which is the Court of Common Pleas' decision to uphold the order of suspension and fines. This proceeding is summarized and affirmed in the Commonwealth Court's decision. *Vega v. Dep't of Transp., Bureau of Motor Vehicles*, No, 283 C.D. 2018, 2018 WL 4839222 (Pa. Commw. Ct. Oct. 5, 2018). The court will analyze each of the above elements as they apply to the prior state court proceeding and the instant complaint.

### 1. The Thing Sued Upon or For Is the Same in Both Suits

Determining whether the thing sued upon or for is the same between the two actions requires "[is]olating the alleged wrongful act." *Gregory*, 843 F.2d at 116. Here, the alleged wrongful act is the same – ordering and enforcing the suspension and fine. *Compare* Doc. 1, p. 6, *with Vega*, 2018 WL 4839222. Therefore, the first element is satisfied.

## 2. The Cause of Action Is the Same in Both Suits

Determining whether the cause of action is the same "turn[s] on the essential similarity of the underlying events giving rise to the various legal claims." *Turner*, 449 F.3d at 549. To determine whether the causes of action are the same, a court should consider "the identity of the acts complained of, the demand for recovery, the identity of witnesses, documents, and facts alleged." *Id.* Moreover, a "Court's 'primary focus' when determining the identity of the causes of action 'should be whether the ultimate and controlling issues have been decided.'" *Sprague v. Cortes*, 223 F. Supp. 3d 248, 274 (M.D. Pa. 2016) (quoting *Dempsey v. Cessna Aircraft Co.*, 653 A.2d 679, 681 (Pa. Super. Ct. 1995)).

Here, the cause of action is the same in both suits. The events giving rise to the various legal claims are the same – the audit that led to the order of suspension and fines and the order itself. *Compare* Doc. 1, p. 6, *with Vega*, 2018 WL 4839222 at *1. Moreover, the witnesses, documents, and facts alleged would all be the same if this case proceeded. To prove his constitutional rights were violated by the

PennDOT order, Vega would need to prove facts about the circumstances

surrounding this order, namely the audit conducted by Langtry and the conduct of

the automotive shop.  All of this evidence has already been heard in the prior state

court proceeding.

Finally, the ultimate and controlling issues have been decided in the prior

state court case.  The trial court decided, and the Commonwealth Court affirmed,

that Vega's shop had committed violations and that Vega, as the owner, was

responsible for those violations.  *Vega*, 2018 WL 4839222 at *3.  The

Commonwealth Court also held that PennDOT had met its burden of proof in

proving these allegations.  *Id*. at 4.  Thus, the issues in question in this action have

already been decided by the state court in the prior proceeding.

Moreover, although Vega did not raise his § 1983, commerce clause, and

public policy claims in the state court proceedings, they are barred by claim

preclusion because he could have brought them in his state court proceedings.

*Sprague*, 223 F. Supp. at 276 ("federal and state courts have concurrent jurisdiction

over actions arising under § 1983 . . . and thus Pennsylvania courts generally may

entertain actions brought under § 1983") (citing *Haywood v. Drown*, 556 U.S. 729,

735 (2009)).  Since Vega has not provided a reason for failing to bring these claims

earlier, they can be barred under claim preclusion.  *Balent*, 669 A.2d at 313 ("Res

judicata applies not only to claims actually litigated, but also to claims which could

have been litigated during the first proceeding if they were part of the same cause

of action."). In conclusion, the cause of action in both cases is the same and this

element is satisfied.

### 3. The Persons and Parties to the Actions Are the Same and the Capacities of the Parties Are the Same

Determining the identity of persons and parties can blur with the fourth

element, determining the capacity to be sued, when the plaintiff sues multiple

defendants who are municipal officials. *Gregory*, 843 F.2d at 119–20.

Accordingly, these factors will be addressed together. Vega and PennDOT were

both parties in the prior suit. *Vega*, 2018 WL 4839222 at *1. They both have the

capacity to sue and be sued. Therefore, these elements are satisfied regarding

claims against PennDOT. In conclusion with respect to PennDOT, Vega is

precluded from bringing his claims against PennDOT because of claim preclusion,

and Counts I, II, III, and IV against PennDOT are dismissed with prejudice.

A bit more analysis is required with respect to Defendant Richards.

Richards is the Secretary of Transportation of Pennsylvania. (Doc. 1, p. 3.) She

was not named as a party in the prior action. In the instant action, Richards is

being sued in her official and individual capacity. "[G]overnmental officials sued

in their official capacities for actions taken in the course of their duties are

considered in privity with the governmental body." *Id*. at 120. Therefore, in her

official capacity, Richards was in privity with a party in the prior action for the

purposes of

10

claim preclusion.  Therefore, Vega's claims (Counts I, II, III, and IV) against

Richards in her official capacity are dismissed with prejudice.

In her individual capacity, Richards was not a party in the prior action and

was not in privity with a party in the prior action.  Therefore, the claims against her

in her individual capacity survive claim preclusion.

## B. Vega's Complaint Fails to State a Claim Against Richards In Her Individual Capacity

The only remaining claims are against Richards in her individual capacity.

To succeed in a § 1983 action against an individual, "a plaintiff must demonstrate a

defendant's 'personal involvement in the alleged wrongs.'"  *Chavarriaga v. N.J.*

*Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (quoting *Rode v. Dellarciprete*,

845 F.2d 1195, 1207 (3d Cir.1988)).  A sufficient demonstration of personal

involvement "describ[es] the defendant's participation in or actual knowledge of

and acquiescence in the wrongful conduct."  *Id*.  There must be a showing of

"direct responsibility" of the named defendant.  *Jutrowski v. Twp of Riverdale*, 904

F.3d 280, 290 (3d Cir. 2018).

Here, Vega does not allege that Richards participated in or had knowledge of

his suspension and fine.  (Doc. 1.)  While Vega alleges his claims are against

Richards in both her official and individual capacity, the complaint only sets forth

allegations regarding Richards in her official capacity as Secretary of

Transportation.  (*Id*., p. 7.)  Therefore, Vega does not sufficiently allege personal

involvement by Richards.  As a result, all claims (Counts I, II, III, and IV) against

Richards in her personal capacity are dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss will be granted.

Counts I, II, III, and IV against PennDOT and Richards in her official capacity are

dismissed with prejudice.  Counts I, II, III, and IV against Richards in her

individual capacity are dismissed without prejudice.  An appropriate order follows.


s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated:  August 7, 2020